■ JEROME STEINMAN, Respondent, v. ESTELLE DI ROBERTS, Appellant.— In a libel action, the defendant appeals from an order of the Supreme Court, Rockland County, entered April 8, 1964, which denied her motion to dismiss the complaint for patent insufficiency (CPLR 3211, subd. [a], par. 7). Order reversed, without costs; defendant's motion granted; and complaint dismissed, without costs. The alleged libel appeared in a local newspaper in Rockland County as the last of a series of "letters to the editor" between the plaintiff and defendant. The letters related to large public issues before the United Nations and concerned particularly the operations of its constituent organization, widely known as UNICEF. The letter in question does not assert, either directly or indirectly, that the plaintiff is a communist, is associated with communists or is engaged in any communist activity. Rather, in that letter the plaintiff is labeled at most as a "liberal" who espouses programs and ideas which have commonly been ascribed to a "liberal" political segment in our society. Such reference to any person does not constitute libel per se; and, since no special damage is alleged, the complaint cannot stand (*Mencher* v. *Chesley,* 297 N. Y. 94). While the false characterization of a person as a communist or as a communist sympathizer is libelous per se (*Mencher* v. *Chesley, supra*; *Toomey* v. *Farley,* 2 N Y 2d 71), no such characterization can fairly be read into this letter. The mere fact that some or all of the ideas and activities described in the disputed letter (for example, the sale of wheat to Russia or the admission of Red China to the United Nations) may from time to time coincide with the purposes and objectives of the communists or the Communist party does not logically or properly permit the inference that all liberals or "left-wingers" are communists or communist sympathizers or that this particular plaintiff is a communist or communist sympathizer. This is a conclusion which, here must be drawn as matter of law; there is no basis for submitting the issue to the jury as one of fact (cf. *Gambuzza* v. *Time,* 18 A D 2d 351). Christ, Rabin and

Benjamin, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to affirm the order.